IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONIN CAPITAL, LLC,<br>a Delaware limited liability company, | )<br>)<br>) | |
| Plaintiff, | )<br>) | Case No.  16-cv-6909 |
| v. | )<br>) | **JURY TRIAL DEMANDED** |
| CESAR ALEXANDER MAYORGA, | )<br>)<br>) | |
| Defendant. | ) | |

## RONIN CAPITAL, LLC'S MOTION FOR
## TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER

Plaintiff Ronin Capital, LLC ("Ronin") moves this Court for a temporary restraining

order under Rule 65 of the Federal Rules of Civil Procedure, instructing the U.S. Marshal

Service to seize all of Mayorga's computing and computing storage devices, including all laptops

and mobile devices, at his home; requiring Mayorga to return and not use any confidential

information of Ronin's not seized; and enjoining Mayorga from accessing Ronin's computer

network.  A proposed temporary restraining order is attached as Exhibit 1.  Ronin's Rule

65(b)(1)(B) certification is attached as Exhibit 2.  In support of this motion, Ronin files

concurrently herewith and incorporates herein a memorandum of law and verified complaint.

Dated:  June 30, 2016

Respectfully submitted,

RONIN CAPITAL, LLC

Gary M. Miller
Anna S. Knight
Justin R. Donoho
Gretchen D. Kaplan
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 704-7700
gmiller@shb.com
asknight@shb.com
jdonoho@shb.com

By:____/s/ Gary M. Miller____
    One of Its Attorneys

3826035

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONIN CAPITAL, LLC,          )
a Delaware limited liability company,          )
                             )
                    Plaintiff,          )          Case No.  16-cv-6909
                             )
          v.                 )          **JURY TRIAL DEMANDED**
                             )
CESAR ALEXANDER MAYORGA,          )
                             )
                    Defendant.          )

## [PROPOSED] TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER

This matter having come before the Court on Plaintiff Ronin Capital, LLC's Motion for

Temporary Restraining Order and Seizure Order, and upon consideration of that motion, the

verified complaint and memorandum filed therewith, and the entire record herein,

IT IS HEREBY ORDERED THAT, for the reasons reflected in the transcript of the

proceedings, including that:

1.      Ronin has demonstrated that it has a valid and enforceable agreement

("Employment Agreement") with its former employee, defendant Cesar Alexander Mayorga

("Mayorga"), and that the Employment Agreement prohibited Mayorga from disclosing Ronin's

confidential information and trade secrets, and from unlawfully accessing Ronin's computer

system after termination of his employment;

2.      Ronin has demonstrated that the information at issue is likely to consist of trade

secrets and confidential information about Ronin and its employees;

3.      Ronin has demonstrated that it has a strong likelihood of prevailing on its claims

that Mayorga has breached his Employment Agreement by unlawfully accessing Ronin's

network subsequent to the termination of his employment;

4.      Ronin has shown that immediate and irreparable injury will result in connection

with Ronin's Computer Fraud and Abuse Act ("CFAA") and breach of contract claims against

3826035

Mayorga;

5.      Ronin has no adequate remedy at law and will suffer irreparable injury absent an injunction because (a) confidential information, once disclosed, loses its confidentiality; (b) it is difficult to determine Mayorga's motives for accessing Ronin's network, what confidential information he took, how he used the information, or whether Mayorga set up additional hidden channels to access Ronin's networks; and (c) it is difficult to measure the amount of damages Mayorga's actions have caused to Ronin's IT security perimeter and/or other data, programs, systems, or information;

6.      The balance of hardships weighs strongly in Ronin's favor because an injunction prevents Mayorga from accessing and using Ronin's confidential information and trade secrets, whereas granting the temporary restraining order would be, at the most, minimal, since Ronin does not seek to retain Mayorga's computer and computer storage devices indefinitely but rather will return them immediately after Ronin has conducted a prompt investigation as to the information Mayorga misappropriated;

7.      Granting injunctive relief will protect Ronin's confidential information, trade secrets, IT security perimeter, other data, programs, systems, or information goodwill, and the contractual confidentiality commitments of its employees, while only preventing Mayorga from doing what he is not permitted to do anyway: continue to unlawfully access Ronin's computer system, while only temporarily preventing the use of his home computer;

Ronin's Motion for Temporary Restraining Order and Seizure Order is GRANTED.

1.      The U.S. Marshal Service is instructed to seize all of Mayorga's computers and computer storage devices, including all laptops and mobile devices at his home (4430 N. Kilbourn, Chicago, Illinois 60630);

3826035

2.      Mayorga shall surrender to Ronin and not use any confidential information of Ronin's not seized;

3.      Mayorga is hereby enjoined from accessing Ronin's network or computer system;

4.      Mayorga shall identify to Ronin all persons, if any, who are in active concert or participation with him ("Bindable Persons") who have received confidential information through Mayorga, either directly or indirectly, and shall provide such Bindable Persons a copy of this Order;

5.      Mayorga and all Bindable Persons, if any, who have received confidential information through Mayorga, either directly or indirectly, shall identify to Ronin all persons to whom they have disclosed confidential information and shall return confidential information in their possession or control to Ronin; and

6.      Mayorga and Bindable Persons, if any, identified pursuant to this Order as having received confidential information, are enjoined during the pendency of this Order from using or disclosing confidential information.


Dated: _____          _____
                                              United States District Judge

3826035

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONIN CAPITAL, LLC, | ) | |
| a Delaware limited liability company, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  16-cv-6909 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CESAR ALEXANDER MAYORGA, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>RULE 65(b)(1)(B) CERTIFICATION</u>

I, Gary M. Miller, certify as follows:

1.      I am a partner in the law firm Shook, Hardy & Bacon L.L.P., and am counsel of record for Plaintiff Ronin Capital, LLC ("Ronin").

2.      Ronin has filed an emergency *ex parte* motion asking this Court to enter an order directing the U.S. Marshal Service to seize the computers and other electronic devices of Defendant Cesar Alexander Mayorga ("Mayorga") so they can be examined to determine whether they still contain Ronin proprietary information and to determine how Mayorga has used, and is still using, Ronin's information.

3.      We have not given Mayorga notice of this motion because, if we did, there is a significant risk that he will destroy or conceal his computers and devices before the hearing. Indeed, even if Mayorga believed that Ronin's legal counsel is investigating his unauthorized access to Ronin's network, he likely would try to cover his tracks.  Doing so would be as easy as taking his laptop or devices to the house of a relative or friend, or throwing them in the river.

4.      The only chance we have of obtaining the computers and devices in their current state is to take possession of them without prior notice to Mayorga.

3826035

I swear to the truth of the foregoing under penalties of perjury under the laws of the United States.

Executed this 30th day of June, 2016, at Chicago, Illinois.

_____
Gary M. Miller

- 2 -

3826035