IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONIN CAPITAL, LLC,<br>a Delaware limited liability company, ) <br>) <br>Plaintiff, ) <br>) <br>v. ) <br>) <br>CESAR ALEXANDER MAYORGA, ) <br>) <br>Defendant. ) | Case No. 16-cv-6909<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER

This matter having come before the Court on Plaintiff Ronin Capital, LLC's Motion for Temporary Restraining Order and Seizure Order, and upon consideration of that motion, the verified complaint and memorandum filed therewith, and the entire record herein,

IT IS HEREBY ORDERED THAT, for the reasons reflected in the transcript of the proceedings, including that:

1. Ronin has demonstrated that it has a valid and enforceable agreement ("Employment Agreement") with its former employee, defendant Cesar Alexander Mayorga ("Mayorga"), and that the Employment Agreement prohibited Mayorga from disclosing Ronin's confidential information and trade secrets, and from unlawfully accessing Ronin's computer system after termination of his employment;

2. Ronin has demonstrated that the information at issue is likely to consist of trade secrets and confidential information about Ronin and its employees;

3. Ronin has demonstrated that it has a strong likelihood of prevailing on its claims that Mayorga has breached his Employment Agreement by unlawfully accessing Ronin's network subsequent to the termination of his employment;

4. Ronin has shown that immediate and irreparable injury will result in connection with Ronin's Computer Fraud and Abuse Act ("CFAA") and breach of contract claims against

3826035

Mayorga;

5. Ronin has no adequate remedy at law and will suffer irreparable injury absent an injunction because (a) confidential information, once disclosed, loses its confidentiality; (b) it is difficult to determine Mayorga's motives for accessing Ronin's network, what confidential information he took, how he used the information, or whether Mayorga set up additional hidden channels to access Ronin's networks; and (c) it is difficult to measure the amount of damages Mayorga's actions have caused to Ronin's IT security perimeter and/or other data, programs, systems, or information;

6. The balance of hardships weighs strongly in Ronin's favor because an injunction prevents Mayorga from accessing and using Ronin's confidential information and trade secrets, whereas granting the temporary restraining order would be, at the most, minimal, since Ronin does not seek to retain Mayorga's computer and computer storage devices indefinitely but rather will return them immediately after Ronin has conducted a prompt investigation as to the information Mayorga misappropriated;

7. Granting injunctive relief will protect Ronin's confidential information, trade secrets, IT security perimeter, other data, programs, systems, or information goodwill, and the contractual confidentiality commitments of its employees, while only preventing Mayorga from doing what he is not permitted to do anyway: continue to unlawfully access Ronin's computer system, while only temporarily preventing the use of his home computer;

Ronin's Motion for Temporary Restraining Order and Seizure Order is GRANTED.

1. The U.S. Marshal Service is instructed to seize all of Mayorga's computers and computer storage devices, including all laptops and mobile devices at his home (4430 N. *with the exception of a personal cellphone*) Kilbourn, Chicago, Illinois 60630);

1.A. The Marshal's Service is directed to effect this seizure as soon as practicable, consistent with safety and other operational concerns. Upon seizure, the equipment is to be turned over to Plaintiff's counsel. The equipment seized may be imaged, but no data may be deleted, altered or modified absent further order of the Court.

- 2 -

3826035

2. Mayorga shall surrender to Ronin and not use any confidential information of Ronin's not seized;

3. Mayorga is hereby enjoined from accessing Ronin's network or computer system;

4. Mayorga shall identify to Ronin all persons, if any, who are in active concert or participation with him ("Bindable Persons") who have received confidential information through Mayorga, either directly or indirectly, and shall provide such Bindable Persons a copy of this Order;

5. Mayorga and all Bindable Persons, if any, who have received confidential information through Mayorga, either directly or indirectly, shall identify to Ronin all persons to whom they have disclosed confidential information and shall return confidential information in their possession or control to Ronin; and

6. Mayorga and Bindable Persons, if any, identified pursuant to this Order as having received confidential information, are enjoined during the pendency of this Order from using or disclosing confidential information.

7. This order expires on July 15, 2016, unless extended by the Court.

Dated: July 1, 2016
0930

_____
United States District Judge

- 3 -